**OHIO CASUALTY INSURANCE COMPANY, also known as American National Fire Insurance Co., Plaintiff–Appellee,**

v.

**Marie GENTILE, Ind. & as admin. of Est. of John Gentile, Defendant,**

**Dentek, Inc., Kamilla Siekierski, Middlesex Mutual Assurance Co. and General Motors Acceptance Corporation, Defendants–Appellants.**

**Docket No. 03–9067.**

United States Court of Appeals, Second Circuit.

July 21, 2004.

Jack G. Steigelfest, Howard Kohn Sprague & Fitzgerald, Hartford, CT, For Plaintiff–Appellee.

John J. Coughlin, Coughlin & Malone, Milford, CT, for Defendants–Appellants Dentek, Inc. and Kamilla Siekierski.

Marc S. Edrich, Litchfield Cavo, Avon, CT, for Defendant–Appellant Middlesex Mutual Assurance Company.

Anthony B. Corleto, Corleto & Associates, Danbury, CT for Defendant–Appellant GMAC.

738

PRESENT: CALABRESI, WESLEY Circuit Judges, and SCULLIN, District Judge.*

**CORRECTED SUMMARY ORDER**

Plaintiff–Appellee Ohio Casualty Insurance Company ("Ohio Casualty") filed this declaratory judgment action in United States District Court for the District of Connecticut against Dentek, Inc. ("Dentek"), Kamilla Siekierski, Middlesex Mutual Assurance Company ("Middlesex"), General Motors Acceptance Corporation ("GMAC") and Marie Gentile (individually and as administratrix of John Gentile). The suit sought a declaration (1) that Ohio Casualty's car insurance policy provided no coverage for the April 15, 2000 automobile accident involving Siekierski and the Gentiles, and (2) that Ohio Casualty consequently has no duty to defend in a presently pending state court action brought by Gentile against Siekierski, Dentek and GMAC.

Dentek leased a 1998 Oldsmobile from GMAC, primarily for the use (both personal and business) of Siekierski, Dentek's president. Siekierski was driving the Oldsmobile when she was involved in the April 2000 accident with the Gentiles. At that time, two separate insurance policies potentially provided coverage applicable to the accident: the Ohio Casualty policy and a separate insurance policy issued by Middlesex. Ohio Casualty took the position below that its policy did not cover the Oldsmobile for the accident in question, given an automatic termination provision, which, on its view, was activated by the purchase of the Middlesex policy.[1] Defendants argued that the provision in question did not, under the circumstances, terminate Ohio Casualty coverage.

The district court (Arterton, *J.*) granted summary judgment to Ohio Casualty, finding no material dispute as to the application of the automatic termination provision. Defendants appeal that determination. We affirm, substantially for the reasons given by the court below: we find that the language of the policy is clear, that the 1998 Oldsmobile was a "designated" auto within the meaning of the provision, and that Dentek had—for all relevant purposes—"purchase[d]" the Middlesex policy, thereby triggering termination.

Defendants further argue on appeal that the district court abused its discretion in failing to compel Ohio Casualty to produce further witnesses for depositions. Leaving aside the question of whether GMAC's request to this effect in the district court complied with the requirements of Fed. R.Civ.P. 7(b)(1)—which provides that "[a]n application to the court for an order shall be by motion which ... shall state with particularity the grounds therefor, and shall set forth the relief or order sought"— GMAC failed to file a Rule 56(f) affidavit necessary to support its claim of inadequate discovery. See Fed.R.Civ.P. 56(f); *DiBenedetto v. Pan Am World Service, Inc.,* 359 F.3d 627, 630 (2d Cir.2004) (" 'The failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.' ") (quoting *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 (2d Cir.1994)).

* The Honorable Frederick J. Scullin, Jr., Chief Judge of the United States District Court for the Northern District of New York, sitting by designation.

1. The termination provision read as follows:

> With respect to automobile liability insurance policies only, your policy shall terminate on the effective date of any other insurance policy you purchase with respect to any automobile designated in both policies.

Given our disposition, we need not reach Ohio Casualty's argument that the appellants' brief "is so flawed that appellate review is unwarranted and unfair." We have considered all of appellants' claims and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.